WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,              )<br>                      )<br>          Plaintiff,           )<br>                      )<br>vs.                     )<br>                      )<br>Jeffery D. Montgomery,          )<br>                      )<br>          Defendant.          )<br>_____)<br>                      )<br>ESI Mail Pharmacy Service, Inc.,      )<br>                      )<br>          Garnishee.          )<br>_____) | CV-03-1853-PHX-LOA<br><br>**ORDER** |

        This matter arises on Judgment-Creditor United States of America's ("U.S.") Motion for Entry of Garnishment Disposition Order, filed on March 5, 2008. (docket # 36) Judgment-Creditor U.S. seeks entry of an order for Garnishee ESI Mail Pharmacy Service, Inc. ("Garnishee ESI Mail"), Judgment-Debtor Jeffery D. Montgomery's employer, to pay over to Judgment-Creditor U.S. nonexempt earnings belonging to Judgment-Debtor Jeffery D. Montgomery and to continue withholding and pay over to the United States 25% of Judgment-Debtor Jeffery D. Montgomery's nonexempt earnings until the judgment is paid in full or until Garnishee ESI Mail is no longer in possession of nonexempt earnings of Judgment-Debtor Jeffery D. Montgomery.

        A review of the file indicates that on October 30, 2003, Judgment-Creditor U.S. expressly consented in writing to magistrate judge jurisdiction pursuant to 28 U.S.C. §

1  636(c)(1). (docket # 4) The undersigned Magistrate Judge has jurisdiction to enter the
2  subject order even though Judgment-Debtor Jeffery D. Montgomery has not expressly
3  consented to magistrate judge jurisdiction. *United States v. Real Property*, 135 F.3d 1312, 1316
4  (9th Cir. 1998) (holding that in an *in rem* civil forfeiture action wherein the plaintiff consented,
5  magistrate judge had jurisdiction to enter a final judgment over defaulted person who was
6  technically not a "party" to the litigation); *Giove v. Stanko*, 882 F.2d 1316, 1318 (8th Cir. 1989)
7  (determining that judgment debtor who failed to intervene in garnishment action was not
8  automatically a party to that action and need not have consented for magistrate judge to have
9  jurisdiction), *cert. denied*, 494 U.S. 1081 (1990).

10  On March 12, 2004, default judgment was entered against Judgment-Debtor
11  Jeffery D. Montgomery and Defendant John K. Moore, jointly and severally, in favor of the
12  Judgment-Creditor U.S. in the amount of $15,689.59, plus post-judgment accruing interest
13  from May 8, 2004 pursuant to 28 U.S.C. § 1961 until paid in full. (docket # 24) No appeal
14  is pending. No supersedeas bond has been posted and no order has been entered staying
15  execution of the default judgment upon the property or earnings of Judgment-Debtor Jeffery
16  D. Montgomery.

17  On August 20, 2007, Judgment-Creditor U.S. requested a writ of garnishment
18  against Garnishee ESI Mail, requesting, *inter alia*, that Garnishee " withhold and retain on a
19  continuing basis 25% of the defendant judgment debtor's non-exempt earnings, if any, as you
20  determine in accordance with the Non-Exempt Earnings Statement form attached to the
21  Answer of Garnishee form provided you." (docket # 26-2 at 1 - 2) On January 17, 2008,
22  Garnishee ESI Mail was served with the writ of continuing garnishment. (docket # 34 at 2)

23  On March 5, 2008, Judgment-Creditor U.S. filed the subject application,
24  seeking an order of continuing garnishment of nonexempt earnings against Garnishee ESI
25  Mail. (docket # 36) The verified Answer of Garnishee ESI Mail, filed on March 5, 2008,
26  indicates, *inter alia*, that Garnishee employed Judgment-Debtor Jeffery D. Montgomery on
27  the date the writ was served (January 17, 2008), "anticipate[s] owing earnings to the Judgment
28  Debtor after the date the writ was served" and that copies of the "Answer and non-exempt

1 earnings statement" were mailed to Judgment-Debtor Jeffery D. Montgomery on January 25,
2 2008. (docket # 35 at 2)

3 Generally, a federal writ of garnishment is governed by the law of the state in
4 which the district court sits. Fed.R. Civ. P. 69(a)[1]; *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th
5 Cir. 1996). Arizona law controls garnishment of money or other property as a result of a
6 federal judgment.

7 "Garnishment is a creature of statute and is strictly governed by the terms of the
8 statute creating the remedy." *Jackson v. Phoenixflight Productions, Inc.*, 145 Ariz. 242, 244,
9 700 P.2d 1342, 1344 (Ariz. 1985) (citations omitted). Arizona's garnishment statutes
10 distinguish "earnings" from "monies which are not earnings." *Frazer, Ryan, Goldberg, Keyt*
11 *& Lawless v. Smith*, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (Ariz. Ct. App.1995); Arizona
12 Revised Statutes ("A.R.S.") §§ 12-1571-1597 (non-earnings) and §§ 1598-1598.17
13 (earnings).[2] Under Arizona law, "garnishment reaches only debts existing at the time of the
14 service of the writ." *Reeb v. Interchange Resources, Inc. of Phoenix*, 106 Ariz. 458, 478 P.2d
15 82, 83 (Ariz. 1970). "[I]t is well settled in Arizona that the rights of a garnishor-creditor to
16 assets in the hands of a garnishee are no greater than rights of the defendant-debtor to those
17 assets." *Mid-State Electric Supply Co. v. Arizona Title Insurance & Trust Co.*, 123 Ariz. 130,

---

[1] Rule 69(a), FED.R.CIV.P., provides in relevant part:

> In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution **shall be in accordance with the practice and procedure of the state in which the district court is held**, existing at the time the remedy is sought,.... (emphasis added).

[2] In 1985, Arizona's post-judgment garnishment procedures were held unconstitutional in *Neeley v. Century Fin. Co.*, 606 F.Supp. 1453, 1469-70 (D. Ariz. 1985). In 1986, the Arizona legislature extensively amended §§ 12-1571 *et seq.* and added new provisions governing the garnishment of earnings. A.R.S. §§ 12-1598 *et seq.*; *Frazer, Ryan, Goldberg Keyt & Lawless v. Smith*, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (Ariz. App. 1995).

1  598 P.2d 108, 110 (Ariz. App. Ct. 1979) (citing *Ellery v. Cumming*, 40 Ariz. 512, 14 P.2d 709
2  (Ariz. 1932)).

3  Under Arizona law, a "party who has an objection to the writ of garnishment,
4  the answer of garnishee or a nonexempt earnings statement may file a written objection and
5  request for hearing" "no later than ten days after receipt of the answer or nonexempt earnings
6  statement objected to unless good cause for filing the request later is shown." A.R.S. §
7  12-1598.07(A) (for earnings). "One purpose of [such a] hearing is to determine whether the
8  garnishee was indebted to the judgment debtor when the writ was served." *Able Distributing*
9  *Co., Inc. v. James Lampe, General Contractor*, 160 Ariz. 399, 403, 773 P.2d 504, 508 (Ariz.
10 App. Ct. 1989). If the answer of the garnishee shows that

> the judgment debtor was an employee of the garnishee, or that the garnishee otherwise owed earnings to the judgment debtor when the writ was served, or earnings would be owed within sixty days thereafter . . . on application by the judgment creditor the court **shall** order that the nonexempt earnings, if any, withheld by the garnishee after service of the writ be transferred to the judgment creditor who is entitled to such monies . . . The court **shall** further order that the garnishment is a **continuing lien** against the nonexempt earnings of the judgment debtor.

16 A.R.S. § 12- 1598.10 (emphasis added). "An order of continuing lien on nonexempt earnings
17 . . . requires the garnishee to continue to withhold the nonexempt earnings of the judgment
18 debtor for as long as the continuing lien remains in effect." A.R.S. § 12- 1598.11(A). Under
19 Arizona's garnishment statute, a presumption exists "that a document has been received five
20 days after it is mailed." A.R.S. § 12- 1598.17(A).

21  The Court finds that Judgment-Creditor U.S. has properly complied with
22 Arizona's garnishment statutes regarding the subject writ of continuing garnishment for
23 nonexempt earnings. Judgment-Debtor Jeffery D. Montgomery presumptively received
24 actual notice of the writ of continuing garnishment and the Motion for Entry of Garnishment
25 Disposition Order because Garnishee ESI Mail mailed its "Answer and non-exempt earnings
26 statement" to its employee's address "best calculated to reach [him] in a timely manner,"
27 docket # 35, ¶ 7 at 2, and Judgment-Creditor U.S. certified that it mailed a copy of its Motion
28 for Entry of Garnishment Disposition Order to Judgment-Debtor Jeffery D. Montgomery's

last known address in Tempe, Arizona. (docket # 36 at 3) Moreover, the Court finds that such notice was "reasonably calculated under all the circumstances to apprise [Judgment-Debtor Jeffery D. Montgomery] of the pendency of the [garnishment] action and afford [him] an opportunity to present [his] objections." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Judgment-Debtor Jeffery D. Montgomery has filed no objection to this writ of continuing garnishment or Motion for Entry of Garnishment Disposition Order, much less a timely one. The Motion for Entry of Garnishment Disposition Order will be granted and the proposed Garnishment Disposition Order will be signed and entered herein by separate order.

In accordance with the foregoing,

**IT IS ORDERED** that Judgment-Creditor United States of America's Motion for Entry of Garnishment Disposition Order, docket # 36, against Garnishee ESI Mail Pharmacy Service, Inc. is hereby **GRANTED.**

DATED this 6th day of March, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge